**Juan Carlos de la FUENTE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 84–580–Civ–Orl–11.**

United States District Court, M.D. Florida, Orlando Division.

Sept. 12, 1984.

Bernard H. Dempsey, Jr., Michael C. Sasso, Manuel Socias of Dempsey & Slaughter, Orlando, Fla., for plaintiff.

Jeffrey Tinley, Asst. U.S. Atty., Orlando, Fla., Gerald B. Leedom, Elizabeth Sullivan, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

ORDER

JOHN A. REED, Jr., District Judge.

This action was brought by the plaintiff pursuant to Section 7429 of the Internal Revenue Code of 1954 (26 U.S.C.) for judicial review of jeopardy assessments of federal income taxes. The assessments of tax, penalties and interest, in the total amount of $1,001,125.30, were made May 21, 1984, pursuant to Section 6861 of the Internal Revenue Code of 1954. The plaintiff timely requested administrative review (26 U.S.C. § 7429(a)) and timely commenced this action by the filing of his Complaint on August 1, 1984. Upon motion filed by the plaintiff (26 U.S.C. § 7429(c)), the hearing in this matter was continued to September 6, 1984.

At the conclusion of the September 6–7, 1984 hearing, having heard and considered the testimony, other evidence and arguments and submission of counsel, the Court determined and ruled, on the following grounds, that the making of the assessments was and is reasonable under the circumstances and that the amounts so assessed were and are appropriate under the circumstances.

### A. *Jurisdiction*

This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1346(e) and Section 7429 of the Internal Revenue Code of 1954.

### B. *Circumstances of Jeopardy*

■ The issues before the Court in an action under Section 7429 are whether the making of the assessments is "reasonable under the circumstances" and whether the amounts so assessed or demanded are "appropriate under the circumstances." 26 U.S.C. § 7429(b)(2). The judicial review contemplated by Section 7429 does not constitute a final determination of the taxpayer's ultimate tax liability. The determination "will have no effect upon the determination of the correct tax liability in a subsequent proceeding." S.Rep. 94–938, 94th Cong., 2d Sess. 359, 365 (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 3789, 3795.

The burden of proof in this proceeding with respect to the first issue—whether the making of the assessments is reasonable under the circumstances—is upon the United States. The defendant has sustained its burden of proof on this issue. At the time of the assessments, the plaintiff was on trial in this Court pursuant to grand jury indictment for eight serious drug-related felonies. At the time of his arrest, Febru-

ary 24, 1984, large amounts of cash and travelers checks were found in his residence.[1]

Further, the evidence discloses that the plaintiff had not filed tax returns for the two years covered by the assessments at issue (1981 and 1982), and, in fact, the plaintiff had not filed federal income tax returns since the year 1972. In addition, evidence at the hearing concerning real property transactions makes reasonable the inference that the plaintiff was the beneficial owner of real properties titled in the name of a nominee, i.e., his sister.[2]

Lastly, on the question of the reasonableness of the Internal Revenue Service's determination that circumstances of jeopardy existed here, the Court considers relevant the plaintiff's own testimony at his initial bond hearing that he had no bank accounts in his own name. Coupled with the evidence of his dealing in large amounts of cash, the absence of bank accounts is an additional circumstance which may be considered in determining whether the plaintiff was seeking to hide or conceal assets.

### C. *Appropriateness of the Amounts Assessed*

■ Under Section 7429, the Court is also to determine whether, under all the circumstances, the amounts assessed are "appropriate under the circumstances." The burden of proof with respect to this issue is upon the taxpayer, and, as indicated, the Court's determination does not constitute a final determination of the taxpayer's tax liability for the years covered by the assessments.

The circumstances under which the Internal Revenue Service had to determine the amount of the plaintiff's unpaid liabilities include the significant facts, first, that the

---

1. Specifically, approximately $97,000 in cash and $10,000 in travelers checks were found. For purposes of the plaintiff's criminal trial, this Court suppressed that material, by an Order entered May 1, 1984.

2. The Court's consideration of the state of the title to various parcels of real property is in connection only with the Court's evaluation of the circumstances surrounding the making of

the assessments. The inference of assets being titled in the name of a nominee of the plaintiff is not intended to constitute any final determination of the precise ownership of the properties or the relative priorities of the interests of the taxpayer, the Government or any other party in and to those properties. Those are issues which are not before the Court in this proceeding.

taxpayer himself had provided no returns for the years at issue and, second, that he had provided no other additional information from which the Internal Revenue Service might determine a more accurate computation of tax due. In that context, the Internal Revenue Service reasonably relied on the evidence at the taxpayer's criminal trial.

Moreover, apart from the foregoing, the methodology used by Revenue Agent Margaret Stalla in computing the liabilities was both reasonable and logical. Basing her computations on evidence introduced at the plaintiff's criminal trial, she estimated the taxpayer's income from sales of marijuana and cocaine and then applied a reasonable "net profit" estimate, intended to provide the taxpayer with the benefit of expenses and costs which might be offset against his gross receipts in computing taxable income. Her method and the amounts determined by her are appropriate under the circumstances, and the plaintiff has not sustained his burden of showing that the amounts were otherwise.

### D. *Conclusion*

Consistent with the foregoing, the Court determines that the making of the jeopardy assessments against the plaintiff are reasonable under the circumstances and that the amounts so assessed are appropriate under the circumstances. This action will be dismissed, but without prejudice to the rights of the plaintiff to contest the asserted tax liability by way of any available remedy, including a petition to the Tax Court or an appropriate suit for refund in district court or the United States Claims Court.